# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____
)
HARTFORD UNDERWRITERS )   Case No.:
INSURANCE COMPANY, TWIN CITY )
FIRE INSURANCE COMPANY, )
HARTFORD FIRE INSURANCE )
COMPANY, PROPERTY AND )
CASUALTY INSURANCE COMPANY OF )
HARTFORD, TRUMBULL INSURANCE )
COMPANY and HARTFORD CASUALTY )
INSURANCE COMPANY, )
                              Plaintiffs, )
)
v. )
)
OMEGA RESOURCE SOLUTIONS, LLC, )
)
                              Defendants. )
_____ )

JOHN T. EADS, III (P43815)
JEFFREY C. HART (P69217)
Wilson Elser Moskowitz Edelman & Dicker, LLP
17197 N. Laurel Park Drive, Suite 201
Livonia, MI  48152
313.327.3100
313.327.3101 – FAX
John.Eads@wilsonelser.com
Jeffrey.Hart@wilsonelser.com
_____

## COMPLAINT

Plaintiffs, Hartford Underwriters Insurance Company, Twin City Fire Insurance Company, Hartford Fire Insurance Company, Property and Casualty

5586316v.1

Insurance Company of Hartford, Trumbull Insurance Company and Hartford Casualty Insurance Company, by and through their undersigned attorneys, as and for their Complaint against Defendant, Omega Resource Solutions, LLC, allege as follows:

## Nature of Action

1. This is an action for breach of contract to recover money damages based upon Defendant's failure to pay the full premiums owed under a workers compensation insurance policy issued by Plaintiffs.

## Parties

2. Plaintiffs, Hartford Underwriters Insurance Company ("Hartford Underwriters"), Twin City Fire Insurance Company ("Twin City"), Hartford Fire Insurance Company ("Hartford Fire") and Trumbull Insurance Company ("Trumbull") are Connecticut corporations which maintain their principal place of business at One Hartford Plaza, Hartford, CT 06155.

3. Plaintiffs, Hartford Casualty Insurance Company ("Hartford Casualty") and Property and Casualty Insurance Company of Hartford ("Hartford Property") are Indiana corporations which maintain their principal place of business at One Hartford Plaza, Hartford, CT 06155.

4. Plaintiffs Hartford Underwriters, Twin City, Hartford Fire, Trumbull, Hartford Casualty and Hartford Property (hereinafter referred to as "Plaintiffs" or

2

"Hartford") are each member companies of The Hartford Financial Services Group, Inc. and are engaged in the business of insurance.

5. Defendant, Omega Resources, LLC ("Defendant" or "Omega") is a Michigan limited liability company which maintains its principal place of business at 13900 Lakeside Circle, Suite 200, Sterling Heights, MI 48313. Upon information and belief, the individual members of Omega are citizens of the State of Michigan.

6. Omega is in the business of providing merchandising and product demonstration services on a nationwide basis.

## Jurisdiction and Venue

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

8. Venue of this action in the Eastern District of Michigan is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) in that it is the District where Defendant resides and where a substantial part of the events giving rise to this action occurred.

## Background Facts

9. At the request of Omega and its agent, Plaintiffs (or one or more of their affiliates) issued Workers Compensation Insurance Policy No. 42 WE CP3934 which provided Omega with workers compensation insurance coverage for its

3

employees on a nationwide basis for the period of January 1, 2015 to January 1, 2016, and January 1, 2016 to January 1, 2017 (the "Policy").

10. Pursuant to the Policy, Omega agreed to pay certain premiums to Hartford. The premiums were generally structured so that Omega would pay an initial estimated annual premium (the "Estimated Premiums") calculated and based upon various information provided by Omega and its agent to Hartford (which Hartford was entitled to reasonably rely upon) such as, for example, estimated payroll, estimated number of covered employees and their respective work duties and classifications.

11. At the end of the policy period, the Estimated Premiums would be adjusted, either up or down, based upon an audit of the books and records of Omega for the preceding year to determine Omega's actual payroll, number of employees and their respective work duties and classifications. Depending on the audit, Omega would either be entitled to a refund from Hartford if the Estimated Premiums were set too high, or required to pay additional premiums to Hartford if the Estimated Premiums were set too low.

12. At the conclusion of each annual policy period, Hartford performed an audit of the applicable books and records of Omega. True and correct copies of the audit results for the 2015-16 and 2016-17 Policy periods are annexed hereto as **Exhibits A and B**, respectively (the "Audits").

13. As a result of the Audits, it was determined that Omega owed additional premiums for the insurance coverage provided by the Policy of $1,374,967.00 (the "Additional Premiums").

14. There were several reasons for the assessment of the Additional Premiums, including, without limitation: (i) a significant increase in Omega's payroll during the 2015-16 Policy period from an estimated $9,089,800 to an actual $23,579,682; (ii) Omega's submission of improper employee code designations at the inception of the Policy; and (iii) Omega's failure to segregate its payroll by employee classification codes which allowed Hartford to use the higher rated classification code; and (iv) the failure of Omega to completely cooperate with the audits by refusing to provide Hartford with reasonably requested information and documents pertaining to the actual activities undertaken by Omega's employees at various job sites during the 2015-16 and 2016-17 Policy Periods.

15. In this regard, Hartford also notes that between 2014 and 2017, Omega incurred $1,306,083 in workers compensation claims which were not consistent with the simple "retail" employee code classification estimated by Omega. Further, Omega appears to be the successor to a prior insured of Hartford named Cyber Group, Inc. whose workers compensation coverage was not renewed due to excessive claims activity.

16. On or about October 2, 2017, Hartford sent to Omega a Final Insurance Bill setting forth the Additional Premiums owed under the Policy and demanding payment as required by the Policy. A true and correct copy of the Final Insurance Bill is annexed hereto as **Exhibit C**.

17. On December 1, 2017, Omega filed an administrative appeal with the Michigan Department of Insurance and Financial Services seeking a review of Hartford's assessment of the Additional Premiums after the completion of the audits under the Policy.

18. Hartford timely responded to the administrative appeal and disputed the claims asserted by Omega. On July 27, 2018, Administrative Law Judge Christopher S. Saunders entered an order dismissing Omega's administrative appeal with prejudice due to Omega's failure to prosecute the appeal and to otherwise comply with its discovery obligations. A true and correct copy of ALJ Saunder's dismissal order is annexed hereto as **Exhibit D**.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

19. Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 18 as if fully set forth herein.

20. Omega has wrongfully refused to pay the Additional Premiums owed to Hartford under the Policy as set forth on the Final Insurance Bill.

21. Hartford has fully complied with all of its obligations under the Policy.

22.     Omega's failure to pay the Additional Premiums to Hartford constitutes a breach of the terms and conditions of the Policy.

23.     As a result of Omega's breach of contract, Hartford has been damaged in an amount not less than $1,374,967.00 (excluding interest and costs).

WHEREFORE, Plaintiffs hereby request that a judgment be entered against Defendant Omega Resource Solutions, LLC in the sum of $1,374,967.00, together with pre- and post-judgment interest thereon, and an award of the costs and expenses incurred by Plaintiffs herein, and such other, further, and different relief as the Court may deem just and proper.

Dated:  September 17, 2018	Respectfully submitted,

                                     WILSON ELSER MOSKOWITZ
                                      EDELMAN & DICKER, LLP

By:  */s/ Jeffrey C. Hart*
    JEFFREY C. HART (P69217)
    17197 N. Laurel Park Drive, Suite 201
Livonia, MI 48152
Tel:  313-327-3117
Email:  jeffrey.hart@wilsonelser.com

-and-

Mark G. Ledwin
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
1133 Westchester Avenue
White Plains, NY 10604
Tel:  914-872-7148
Email:  mark.ledwin@wilsonelser.com

Attorneys for Plaintiffs
HARTFORD UNDERWRITERS INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, HARTFORD FIRE INSURANCE COMPANY, PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, TRUMBULL INSURANCE COMPANY and HARTFORD CASUALTY INSURANCE COMPANY


TO:	OMEGA RESOURCE SOLUTIONS, LLC
      13900 Lakeside Cir #200
      Sterling Heights, MI 48313
      Attention:  Anthony Sabatella

5586316v.1