## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

————————————————————————
)
HARTFORD UNDERWRITERS )     Case No.:  2:18-cv-12907
INSURANCE COMPANY, TWIN CITY )     Judge Nancy G. Edmunds
FIRE INSURANCE COMPANY, )     Magistrate Judge Stephanie Dawkins
HARTFORD FIRE INSURANCE )     Davis
COMPANY, PROPERTY AND )
CASUALTY INSURANCE COMPANY OF )
HARTFORD, TRUMBULL INSURANCE )
COMPANY and HARTFORD CASUALTY )
INSURANCE COMPANY, )
                              Plaintiffs, )
)
v. )
)
OMEGA RESOURCE SOLUTIONS, LLC, )
)
                             Defendants. )
————————————————————————
)

JOHN T. EADS, III (P43815)
JEFFREY C. HART (P69217)
Wilson Elser Moskowitz Edelman & Dicker, LLP
17197 N. Laurel Park Drive, Suite 201
Livonia, MI  48152
313.327.3100
313.327.3101 – FAX
John.Eads@wilsonelser.com
Jeffrey.Hart@wilsonelser.com
————————————————————————

_____

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

_____

Plaintiffs, Hartford Underwriters Insurance Company, Twin City Fire Insurance Company, Hartford Fire Insurance Company, Property and Casualty Insurance Company of Hartford, Trumbull Insurance Company and Hartford Casualty Insurance Company ("Plaintiffs" or "Hartford"), by and through their undersigned attorneys, file this motion for default judgment against the defendant, Omega Resource Solutions, LLC ("Defendant" or "Omega"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure as follows:

Plaintiffs filed this lawsuit against Defendant to recover amounts owed to Plaintiffs per a contract for Workers Compensation Insurance. Pursuant to the Policy, Omega agreed to pay certain premiums to Hartford. The premiums were generally structured so that Defendant would pay an initial estimated annual premium and that, at the end of the policy period, the estimated annual premium would be adjusted, either up or down, based upon an audit of the books and records of Defendant. As a result of the audits, it was determined that Omega owed additional premiums in the amount of $1,374.967.00. On September 17, 2018, Plaintiffs filed this action to collect on the outstanding premiums.

The Defendant, by and through counsel, filed an answer and briefly participated in the defense of this case. Early on in the proceedings, Omega's counsel withdrew. Additionally, prior to this lawsuit, Defendant filed an administrative appeal with the Michigan Department of Insurance and Financial Services seeking

2

a review of Hartford's premium assessment following the completion of the audits under the policy. Due to Defendant's failure to prosecute the appeal and comply with discovery obligations, and the withdrawal by the same counsel who appeared in this action, the appeal was dismissed with prejudice.

During a case Management Conference on November 6, 2018, this Honorable Court indicated that Plaintiffs may file for default should Defendant fail to comply with the Court's direction and to otherwise defend the case. Defendant has not retained new counsel and has wholly failed to attempt to defend the claims against them since the case management conference. They have violated this Court's Order that Defendant retain counsel and for said counsel to file an appearance within 30 days.

Under the circumstances, default judgment is appropriate. Further, because the amount of Plaintiffs' damages are capable of simple calculation, the Court should determine that an evidentiary hearing is not required and award Plaintiffs the premiums owed. Moreover, the Order of Dismissal with prejudice issued by the Michigan Department of Insurance and Financial Services has a preclusive effect on Defendant's answer and defenses. This coupled with Fed. R. Civ. P. 37(b), which allows the court to strike a pleading as an appropriate sanction, provides that it is an appropriate and a proper exercise of this Court's power to strike Defendant's answer and enter a default judgment in favor of Plaintiffs.

WHEREFORE, Plaintiffs request that the Court strike Defendant's answer and enter a default judgment in Plaintiffs' favor and against the Defendants for the following relief:

i.     The premium amount owed of $1,374.967.00;

ii.    Pre-judgment interest; and

iii.   The costs of this action.

Dated:  February 1, 2019                    Respectfully submitted,

                                            WILSON ELSER MOSKOWITZ
                                             EDELMAN & DICKER, LLP

                                            By:   /s/ Jeffrey C. Hart
                                                JEFFREY C. HART (P69217)
                                                17197 N. Laurel Park Drive, Suite 201
                                                Livonia, MI 48152
                                                Tel:  313-327-3117
                                                Email:  jeffrey.hart@wilsonelser.com

                                                -and-

                                            Mark G. Ledwin
                                            WILSON ELSER MOSKOWITZ
                                            EDELMAN & DICKER, LLP
                                            1133 Westchester Avenue
                                            White Plains, NY 10604
                                            Tel:  914-872-7148
                                            Email:  mark.ledwin@wilsonelser.com

                                            Attorneys for Plaintiffs
                                            HARTFORD UNDERWRITERS
                                            INSURANCE COMPANY, TWIN CITY
                                            FIRE INSURANCE COMPANY,
                                            HARTFORD FIRE INSURANCE

4

COMPANY, PROPERTY AND
CASUALTY INSURANCE COMPANY
OF HARTFORD, TRUMBULL
INSURANCE COMPANY and
HARTFORD CASUALTY INSURANCE
COMPANY

5

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____
                                  )

| | |
|---|---|
| HARTFORD UNDERWRITERS       ) | Case No.:  2:18-cv-12907 |
| INSURANCE COMPANY, TWIN CITY ) | Judge Nancy G. Edmunds |
| FIRE INSURANCE COMPANY,       ) | Magistrate Judge Stephanie Dawkins |
| HARTFORD FIRE INSURANCE       ) | Davis |
| COMPANY, PROPERTY AND         ) | |
| CASUALTY INSURANCE COMPANY OF ) | |
| HARTFORD, TRUMBULL INSURANCE ) | |
| COMPANY and HARTFORD CASUALTY ) | |
| INSURANCE COMPANY,          ) | |

                       Plaintiffs,   )
                                  )

v.                                  )
                                  )

OMEGA RESOURCE SOLUTIONS, LLC,  )
                                  )

                     Defendants.  )
_____  )

JOHN T. EADS, III (P43815)
JEFFREY C. HART (P69217)
Wilson Elser Moskowitz Edelman & Dicker,
LLP
17197 N. Laurel Park Drive, Suite 201
Livonia, MI  48152
313.327.3100
313.327.3101 – FAX
John.Eads@wilsonelser.com
Jeffrey.Hart@wilsonelser.com
_____

_____

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR
## MOTION FOR DEFAULT JUDGMENT

_____

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

CONCISE STATEMENT OF THE ISSUES PRESENTED....................................1

CONTROLLING OR MOST APPROPRIATE AUTHORITY ...............................2

    I.      INTRODUCTION & FACTUAL BACKGROUND...........................3

    II.    ARGUMENT ........................................................................5

5616022v.2

## <u>TABLE OF AUTHORITIES</u>

<u>**Page(s)**</u>

**Cases**

*Alpine Mortgage Corp. v. Asher Worldwide Enters., L.L.C.*,
  2007 WL 1499987 (E.D. Mich. May 22, 2007) ...............................................2, 7

*Astoria Fed. Sav. & Loan Ass'n v. Solimino*,
  501 U.S. 104 (1991) ...............................................................................9

*Bank One of Celeveland, N.A. v. Abbe*,
  916 F.2d 1067 (6th Cir. 1990) ...........................................................2, 6

*City of New York Mickalis Pawn Shop, LLC*,
  645 F.3d 114 (2nd Cir. 2011) .............................................................2, 6

*Eagle Associates v. Bank of Montreal*,
  926 F.2d 1305 (2nd Cir. 1991) ...................................................... 2, 5, 7

*Epicentre Strategic Corp.-Mich. v. Cleveland Constr., Inc.*,
  2007 WL 715297 (E.D. Mich. Mar.7, 2007) ......................................2, 7

*Gerber v. Riordan*,
  649 F.3d 514 (6th Cir. 2011) .............................................................2, 6

*Grace v. Bank Leumi Trust Co. of N.Y.*,
  443 F.3d 180 (2nd Cir. 2006) ...........................................................2, 5

*Jacobs v. Patent Enforcement Fund, Inc.*,
  230 F.3d 565 (2nd Cir. 2000) ...........................................................2, 6

*KPS & Assocs, Inc. v. Designs By FMC, Inc.*,
  318 F.3d 1 (1st Cir. 2003) ......................................................................9

*Montana v. United States*,
  440 U.S. 147 (1979) .............................................................................12

*Mucerino v. Newman*,
   No. 2017 WL 387202,  (M.D. Tenn. Jan. 26, 2017) (Ex. M) ..............9

5616022v.2

*Rowland v. Calf. Men's Colony*,
    506 U.S. 194 (1993). ...................................................................................7

*S.E.C. v. HedgeLender LLC*,
    786 F. Supp. 2d 1365 (S.D. Ohio 2011 ............................................10

*Samtec v. Anson*،
    195 Fed.Appx. 473 (6th Cr. 2006) .....................................................8

*Schafer v. City of Defiance Police Dept.*
    529 F.3d 731 (6th Cir. 2009) ...............................................................8

*S.E.C. v. Research Automation Corp.*,
    521 F.2d 585 (2nd Cir.1975) ..........................................................2, 6

*State Farm Bank, F.S.B. v. Sloan*,
    2011 WL 2144227, (E.D. Mich. May 31, 2011) ................................9

*T.C. Bible Inst. v. City of Westland*,
    2005 WL 2417634 (E.D. Mich. Sept.30, 2005). ............................2, 7

*Tiemeyer v. Cmty. Mut. Ins. Co.*,
    8 F.3d 1094 (6th Cir. 1993) ...............................................................10

*Tri–State Hospital Supply Corp. v. Medi–Pac*,
    2007 WL 3146553 (S.D.Ohio 2007) ...............................................2, 6

*S.E.C. v. Merklinger*,
    2009 WL 3498721 (E.D. Mich. Oct. 26, 2009) ..............................2, 7

*United States v. Utah Construction & Mining Co.*,
    384 U.S. 394 (1966) ..................................................................... 10, 11

*University of Tennessee v. Elliott*,
    478 U.S. 788 (1986) ...........................................................................10

**Statutes**

28 U.S.C. § 1654 ......................................................................................7

28 U.S.C. § 1961 ....................................................................................11

MCL 600.6013(7) ...................................................................................11

iii

MCL 600.6013(8) .......................................................................................................11

**Rules**

Fed. R. Civ. P. 16(f) ..................................................................................................6

Fed. R. Civ. P. 37 ......................................................................................................6

Fed. R. Civ. P. 37(b) ................................................................................................12

Fed. R. Civ. P. 54(d) ................................................................................................11

Fed. R. Civ. P. 55 ...................................................................................................2, 6

Fed. R. Civ. P. 55(a) ..................................................................................................5

Fed. R. Civ. P. 55(b) ..................................................................................................9

Fed. R. Civ. P. 55(b)(2) .......................................................................................5, 8, 9

E.D. Mich. LR 54.1.2 ...............................................................................................11

5616022v.2

CONCISE STATEMENT OF THE ISSUES PRESENTED

1.     This lawsuit involves a premium collection action. Plaintiffs issued several national workers' compensation policies to Omega Resource Solutions, LLC (Omega). Omega misstated the payroll amounts and improperly designated employee codes at the inception of the Policy, and then failed to pay the additional assessed premiums the audit revealed that Omega owed an additional $1,374.967.00 for the coverage provided, per the terms of the contract of insurance. Counsel for Defendant alleges that Omega had gone out of business and this Court entered an Order allowing Defendant's counsel to withdraw. On December 12, 2018, this Court also ordered that Defendant retain new counsel within 30 days of the Order. The issue to be decided on this motion is whether Plaintiffs are entitled to a default judgment when Defendant, a limited liability company, violated this Court's order to retain new counsel and when Defendant otherwise failed to interpose a defense to the claims brought forth by Plaintiffs.

        Plaintiffs answer yes.


2.     The second issue to be decided is whether it is appropriate to strike Defendant's Answer to Plaintiffs' complaint.

        Plaintiffs answer yes.

5616022v.2

<u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

The controlling or most appropriate authority is Fed. R. Civ. P. 55. This rule provides for a judgment against a party when that party has failed to plead or otherwise defend against claims.

Other relevant cases addressing the merits of Plaintiffs' motion include: *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305 (2nd Cir. 1991); *Grace v. Bank Leumi Trust Co. of N.Y.,* 443 F.3d 180, 192 (2nd Cir. 2006); *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114 (2nd Cir. 2011); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1078 (6th Cir. 1990); *S.E.C. v. Research Automation Corp.*, 521 F.2d 585, 589 (2nd Cir.1975); *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 (2nd Cir. 2000); *Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011); *Tri–State Hosp. Supply Corp. v. Medi–Pac*, 2007 WL 3146553 (S.D. Ohio 2007); *S.E.C. v. Merklinger*, 2009 WL 3498721 (E.D. Mich. Oct. 26, 2009); *Alpine Mortgage Corp. v. Asher Worldwide Enters., L.L.C.*, 2007 WL 1499987 (E.D. Mich. May 22, 2007); *Epicentre Strategic Corp.-Mich. v. Cleveland Constr., Inc.*, 2007 WL 715297 (E.D. Mich. Mar.7, 2007); and *T.C. Bible Inst. v. City of Westland*, 2005 WL 2417634 (E.D. Mich. Sept. 30, 2005).

2

## I.   INTRODUCTION & FACTUAL BACKGROUND

Plaintiffs issued Workers Compensation Insurance Policy No. 42 WE CP3934, which provided Omega Resource Solutions, LLC workers compensation insurance coverage for its employees on a nationwide basis from January 1, 2015 to January 1, 2016, and again from January 1, 2016 to January 1, 2017 (the "Policy"). Pursuant to the Policy, Omega agreed to pay certain premiums to Hartford. These premiums were generally structured so that Omega would pay an initial estimated annual premium (the "Estimated Premiums") based on information provided by Omega to Plaintiff such as estimated payroll, estimated number of covered employees, and their respective work duties and classifications. Following the end of the policy period, these Estimated Premiums would be adjusted, either up or down, based upon an audit of the books and records of Omega for the preceding year to determine Omega's actual payroll, the number of employees, and their respective work duties and classifications.

As a result of the audits, it was determined that Omega owed additional premiums for the coverage provided by the Policy in the amount of $1,374.967.00 (the "Additional Premiums"). (Ex. A, B, C). The audit revealed that Omega's payroll was underestimated by $14,489,882.00 (Omega's original estimate was $9,089,800.00), that they failed to segregate its payroll by employee classification codes which allowed Hartford to use a higher applicable rated code. Furthermore,

Omega failed to fully cooperate and provide reasonably requested information and documents pertaining to the actual activities undertaken by Omega's employees at various job sites during the 2015-16 and 2016-17 Policy Periods. Hartford also notes that between 2014 and 2017, Omega incurred $1,306,083.00 in workers compensation claims, which were inconsistent with the "retail" employee classification codes estimated by Omega. It also appears that Omega is the successor to a prior insured of Hartford named Cyber Group, Inc. whose workers compensation coverage was not renewed by Hartford due to excessive claim activity. See Hartford's Complaint, ECF No. 1.

On December 1, 2017, Omega filed an administrative appeal with the Michigan Department of Insurance and Financial Services seeking a review of Hartford's assessment of the Additional Premiums after the completion of the audits under the Policy. During a May 18, 2018, prehearing conference, the attorney for Omega stated that he had filed a motion to withdraw as counsel. (Ex. D). The motion to withdraw was filed on May 18, 2018, and indicated that Omega had gone out of business and was no longer able to pay for the services of counsel. *Id.* An order was entered that required Omega to obtain new counsel by June 15, 2018, and that, if Omega failed to do so, the tribunal would entertain a motion to dismiss. *Id.* An additional prehearing conference was scheduled for June 18, 2018, and Omega did not appear. *Id.* Hartford then filed a motion to dismiss and the tribunal issued an

4

Order Extending Time to File Answer to Motion to Dismiss, providing for a response by July 25, 2018. *Id.* Predictably, no response was filed and Hartford's Motion to Dismiss was granted with prejudice. *Id.*

Not surprisingly, after filing an answer, on November 16, 2018, counsel for Omega filed a Motion to Withdraw in this case [ECF No. 6]. (Ex. F). It too stated that Omega had gone out of business and was unable to pay counsel. Further, it agreed that Omega would have 30 days to retain new counsel and, if not retained within that time frame, that Hartford could file for default. *Id.* On December 12, 2018, this Honorable Court issued a text only order granting the Motion to Withdraw and ordering Omega to obtain counsel and to file an appearance within 30 days. (Ex. G). As of the date of this motion, January 25, 2018, no such appearance has been filed.

## II.   ARGUMENT

The Federal Rules of Civil Procedure allow a party to move for default judgment when the party in default previously appeared in the action. Fed. R. Civ. P *55*(b)(2). *See also Eagle Associates v. Bank of Montreal,* 926 F.2d 1305 (2nd Cir. 1991) (default was appropriate where the defendant, a limited partnership, had willfully disregarded the district court's order that the defendant appear through counsel. "Such cavalier disregard for a court order is failure, under Rule 55(a), to 'otherwise defend' as provided by these rules" *Id.* at 1310) and *Grace v. Bank Leumi*

*Trust Co. of N.Y.,* 443 F.3d 180, 192 (2nd Cir. 2006) (noting that a default judgment may be entered against a corporation that fails to appear through counsel). Courts have "embraced a broad understanding of the phrase 'otherwise defend' *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2nd Cir. 2011). Default judgment is an appropriate sanction under Rules 16(f) and 37 of the Federal Rules of Civil Procedure for failure to comply with the Court's order and failure to cooperate in discovery and other case management. A district court may sanction parties who fail to comply with orders in a variety of ways, including entry of default judgment against them. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1078 (6th Cir. 1990).

The Second Circuit has held that "[i]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, F[ed]. R. Civ. P." *S.E.C. v. Research Automation Corp.*, 521 F.2d 585, 589 (2nd Cir.1975); *accord Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 (2nd Cir.2000). The Sixth Circuit has held that a default judgment is appropriate when a corporate defendant has failed to obtain counsel. *See Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011). In *Tri-State Hosp. Supply Corp. v. Medi–Pac*, 2007 WL 3146553 (S.D. Ohio 2007), a default judgment was entered when defendant corporation failed to appear through counsel.

6

Hence, there is more than sufficient case law to enter a default against Omega for failing to retain counsel in an appropriate time frame.

Moreover, the Supreme Court has articulated a clear and oft-repeated rule that a non-lawyer may not represent corporate entities. *See Rowland v. Calf. Men's Colony*, 506 U.S. 194 (1993). Courts have uniformly held that 28 U.S.C. § 1654, while providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships or associates to appear in federal court other than through a licensed attorney. *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305 (2nd Cir. 1991). The Sixth Circuit has readily recognized this rule, *see, e.g., S.E.C. v. Merklinger*, 2009 WL 3498721 (E.D. Mich. Oct. 26, 2009) (LLC must be represented by counsel) (Ex. H); *Alpine Mortgage Corp. v. Asher Worldwide Enters., L.L.C.*, 2007 WL 1499987 (E.D. Mich. May 22, 2007) (same) (Ex. I); *Epicentre Strategic Corp.-Mich. v. Cleveland Constr., Inc.*, 2007 WL 715297 (E.D. Mich. Mar.7, 2007) (same) (Ex. J); *T.C. Bible Inst. v. City of Westland*, 2005 WL 2417634 (E.D. Mich. Sept.30, 2005) (noting that *Rowland* applies to all artificial entities) (Ex. K). Simply put, without counsel, Omega cannot defend this action without counsel, notwithstanding the order.

In determining the scope of the appropriate sanction, the Sixth Circuit has directed district courts to consider (1) "whether the party's failure to cooperate in discovery is due to willfulness, bad faith or fault," (2) whether the adversary has

7

been prejudiced, (3) whether the disobedient party "was warned that failure to cooperate could lead to the sanction," and (4) whether less drastic sanctions were first imposed or considered. *Samtec v. Anson*¸ 195 Fed.Appx. 473 (6th Cir. 2006). "Willfulness, bad faith, or fault" can only be found where the party to be sanctioned has displayed "an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer v. City of Defiance Police Dept.* 529 F.3d 731, 737 (6th Cir. 2009).

Here, Omega's conduct is clearly willful and the company had an opportunity to participate in litigation. In fact, Omega's resident agent did not resign until December 18, 2018, indicating that at least one person was at the helm when this Court ordered Omega to obtain counsel. (Ex. L). Simply disappearing from known and ongoing litigation itself shows a reckless disregard of its obligations in these proceedings. Plaintiffs have clearly been prejudiced, since it appears the sole reason for filing an appearance and answer in this action was to effectuate a delay…the same as the administrated appeal. Moreover, this Court granted a motion that specifically stated that "[i]f new counsel is not retained within the time prescribed by the Court, the Plaintiff may file for default." (Ex. G). Although acknowledged as a severe remedy, a default judgment is not only appropriate, but also warranted under the conditions, in addition to striking Omega's answer given Omega's established course of conduct of using legal proceedings as a delay tactic.

8

Under Rule 55(b)(2), the court may conduct an evidentiary hearing if it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter. *Id.* However, if the allegations in the complaint establish damages in a sum certain, an evidentiary hearing is not required. *KPS & Assocs, Inc. v. Designs By FMC, Inc.,* 318 F.3d 1, 19 (1st Cir. 2003). A damages calculation is a "sum certain" for Rule *55*(b) purpose if "there is no doubt as to the amount to which a plaintiff is entitled as a result of defendant's default." *Id. See also Mucerino v. Newman,* No. 2017 WL 387202, at *2 (M.D. Tenn. Jan. 26, 2017) (Ex. M) (citing 10 Moore's Federal Practice ¶ 55.22[1] (2002) ("In cases where the court has entered default judgment and the claim is for a sum certain, the court can enter the default judgment for the amount stated in the complaint"). The district court has discretion to enter a default judgment under Rule 55(b)(2). *Mucerino*, 2017 WL 387202, at *2 (citing *State Farm Bank, F.S.B. v. Sloan,* 2011 WL 2144227, at *2 (E.D. Mich. May 31, 2011) (Ex. N).

It is Hartford's position that the damages, in this case, are certain. An audit was conducted by Hartford, and although Omega disputed this audit and brought claims before the Michigan Department of Insurance and Financial Services, those claims were dismissed with prejudice. (Ex. E). The Supreme Court has recognized that Administrative Agency determinations are entitled to collateral estoppel effect when they acted in a "judicial capacity." *Astoria Fed. Sav. & Loan Ass'n v. Solimino,*

9

501 U.S. 104, 107 (1991). "We have long favored application of the common-law doctrines of collateral estoppel (as to issues) and res judicata (as to claims) to those determinations of administrative bodies that have attained finality." *Id.* "[W]hen a state agency "acting in a judicial capacity … resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate," *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966), federal courts must give the agency's fact finding the same preclusive effect to which it would be entitled in the State's courts." *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986). Here, the agency was clearly acting in a judicial capacity (Ex. O), however, Omega failed to participate in its own proceedings, resulting in the dismissal of their claims with prejudice. Therefore, the audit's resulting calculation of $1,374.967.00 remains unaffected and unchallengeable.

Hartford also seeks several additional components of damages. First is prejudgment interest. Prejudgment interest is awarded to prevent defendant from obtaining benefit of what amounts to interest free loan on proceeds of wrongful conduct. *S.E.C. v. HedgeLender LLC*, 786 F. Supp. 2d 1365 (S.D. Ohio 2011. Hartford acknowledges "the general rule is that in the absence of a statutory provision the award of prejudgment interest is in the discretion of the court." *Tiemeyer v. Cmty. Mut. Ins. Co.*, 8 F.3d 1094, 1097 (6th Cir. 1993). Omega's conduct of misleading Hartford with inaccurate job classification and payroll figures

10

for the purpose of obtaining a lower premium is no doubt wrongful conduct, as is Omega's obstreperous litigation tactics. When an interest rate is not established by contract, the legal rate is calculated from a 6-month interval from the date of filing the complaint at a rate of interest equal to 1% plus the interest rate calculated from the sale of 5 year United States treasury notes. Interest is calculated on the entire amount of the money judgment, including attorneys' fees and costs. *See* MCL 600.6013(7) and (8). This lawsuit was filed on September 17, 2018, and thus the applicable rate is 1% + 2.687%, compounded annually, until January 1, 2019, when the rate changed to 1% + 2.848%, compounded annually. Hartford also seeks is post judgment interest, as provided under 28 U.S.C. § 1961.

Attending to the second issue, Hartford requests that this Court strike Omega's Answer to the Complaint. State administrative determinations have preclusive effects where the state agency is acting in a judicial capacity, resolves disputed issues of fact properly before it, and in which the parties have had an adequate opportunity to litigate. *See U.S. v. Utah Const. & Min. Co.*, 384 U.S. 394, 421-422 (1966). It is clear that the Department of Insurance and Financial Services was acting in a judicial capacity. (Ex. O). It resolved the disputed issues of fact by dismissing Omega's claims regarding the audit; essentially stating that the assessed audit premiums could no longer be challenged. (Ex. E). Moreover, Omega had the opportunity to participate in the litigation of the claim, counsel for Omega

11

commenced the action and appeared at one pre-hearing and Omega had an opportunity to appear at two other hearings. (Ex. D). They also had the opportunity to participate in discovery. *See  Montana v. United States*, 440 U.S. 147 at 153 (1979) (Holding that the party against whom estoppel is asserted must have exercised some control over the litigation). The issues between the administrative hearing and the present lawsuit are best summarized as the validity of the Additional Premiums. Omega appeared before the Administrative Law Judge  to argue that Hartford misapplied employee codes to extract a higher premium in contravention of the clear terms of the policy: "By assessing a bill of $1,374,967.00, The Hartford has sought to create a windfall for itself contrary to the intent of the parties at the inception (and renewals) of the Policy or the actual work performed by the employees during the applicable policy periods." (Ex. O).

In the instant case, Hartford argues that Omega purposely misstated employee codes for the purpose of paying a lower premium, in contravention of the policy. [ECF No. 1]. The issues are identical. Moreover, striking a pleading is a sanction generally considered appropriate under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(b). Additionally, because Omega is not currently in a position to litigate this case and thus, Plaintiffs cannot even move forward with discovery, Fed. R. Civ. P. 37(b) and the preclusive effect of the administrative hearing provide that

it is appropriate and a proper exercise of this Court's power to strike Defendant's answer.

WHEREFORE, Plaintiffs request that the Court strike Defendant's answer and enter a default judgment in Plaintiffs' favor and against the Defendants for the following relief:

i.   The premium amount owed of $1,374.967.00;

ii.  Pre-judgment interest; and

iii. The costs of this action.

Dated:  February 1, 2019

Respectfully submitted,

WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER, LLP

By:  _/s/ Jeffrey C. Hart_____
    JEFFREY C. HART (P69217)
     17197 N. Laurel Park Drive, Suite 201
    Livonia, MI 48152
    Tel:  313-327-3117
    Email:  jeffrey.hart@wilsonelser.com

    -and-

    Mark G. Ledwin
    WILSON ELSER MOSKOWITZ
    EDELMAN & DICKER, LLP
    1133 Westchester Avenue
    White Plains, NY 10604
    Tel:  914-872-7148

13

Email:  mark.ledwin@wilsonelser.com

Attorneys for Plaintiffs
HARTFORD UNDERWRITERS
INSURANCE COMPANY, TWIN CITY
FIRE INSURANCE COMPANY,
HARTFORD FIRE INSURANCE
COMPANY, PROPERTY AND
CASUALTY INSURANCE COMPANY
OF HARTFORD, TRUMBULL
INSURANCE COMPANY and
HARTFORD CASUALTY INSURANCE
COMPANY

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause, by USDC Eastern District E-Filing on February 1, 2019.

By:  /s/ Frances Beer
    **Frances Beer**

14

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

)

HARTFORD UNDERWRITERS ) Case No.: 2:18-cv-12907
INSURANCE COMPANY, TWIN CITY ) Judge Nancy G. Edmunds
FIRE INSURANCE COMPANY, ) Magistrate Judge Stephanie Dawkins
HARTFORD FIRE INSURANCE ) Davis
COMPANY, PROPERTY AND )
CASUALTY INSURANCE COMPANY OF )
HARTFORD, TRUMBULL INSURANCE )
COMPANY and HARTFORD CASUALTY )
INSURANCE COMPANY, )
                      Plaintiffs, )

)

v. )

)

OMEGA RESOURCE SOLUTIONS, LLC, )

)

                      Defendants. )

_____ )

JOHN T. EADS, III (P43815)
JEFFREY C. HART (P69217)
Wilson Elser Moskowitz Edelman & Dicker, LLP
17197 N. Laurel Park Drive, Suite 201
Livonia, MI 48152
313.327.3100
313.327.3101 – FAX
John.Eads@wilsonelser.com
Jeffrey.Hart@wilsonelser.com

_____

## INDEX OF EXHIBITS

Exhibit A – 2015-16 Audit;

Exhibit B – 2016-17 Audit;

Exhibit C – Final Insurance Bill;

1

Exhibit D – Proposal for Decision Granting Respondent's Motion to Dismiss, *Omega Resource Solutions, LLC v. Hartford Underwriters Ins. Co., et al,* (Case No. 18-1019-WC, Docket No. 18-000271);

Exhibit E – Order, *Omega Resource Solutions, LLC v. Hartford Underwriters Ins. Co. et al,* (Case No. 18-1019-WC, Docket No. 18-000271);

Exhibit F – Motion to Withdraw as Attorney;

Exhibit G – Order Granting Motion to Withdraw as Attorney;

Exhibit H – *U.S. S.E.C. v. Merklinger*, 2009 WL 3498721 (E.D. Mich. Oct. 26, 2009);

Exhibit I – *Alpine Mortgage Corp. v. Asher Worldwide Enters., L.L.C.*, 2007 WL 1499987;

Exhibit J – *Epicentre Strategic Corp.-Mich. v. Cleveland Constr., Inc.*, 2007 WL 715297 (E.D. Mich. Mar.7, 2007);

Exhibit K – *T.C. Bible Inst. v. City of Westland*, 2005 WL 2417634 (E.D. Mich. Sept.30, 2005);

Exhibit L – Resignation of Resident Agent;

Exhibit M – *Mucerino v. Newman,* 2017 WL 387202 (M.D. Tenn. Jan. 26, 2017);

Exhibit N – *State Farm Bank, F.S.B. v. Sloan*, 2011 WL 2144227 (E.D. Mich. May 32, 2011); and

Exhibit O – Department of Insurance and Financial Services Complaint;

2